ELLIS, Judge.
On September 19, 1969, plaintiff W. F. McCarthy purchased a parcel of ground from defendants Mrs. Annie Anzalone Magliola Formaggio Pecararo, Salvador Joseph Magliola and Mrs. Rose Marie For-maggio Goodwin. The act of sale contained the following provision:
“It is understood and agreed that purchaser shall have the option to purchase the following described property within a period of five years for a consideration of the same price per acre as the land herein purchased, to wit:....”
There then follows the description of a 60 by 133 foot lot adjoining the property purchased on the north.
The parties stipulated that plaintiff timely attempted to exercise the option by giving proper written notice of his intention to do so, and that the defendants refused to execute an act of sale because they contested the validity of the option. It was further stipulated that the consideration of $15,000.00 paid for the parcel purchased by Mr. McCarthy in 1969 was the market value thereof.
After trial on the merits, judgment was rendered ordering the defendants to transfer the property to plaintiff in accordance with the option, and defendants have appealed.
It is contended that the court should have found the option invalid for lack of consideration, and because the five year period of the option was too long and void as against public policy.
With respect to the second argument advanced, defendants cite no authority for the proposition, and we know of no legal time limitation on the period for which an option may be granted, nor of any consideration of public policy which would limit one’s rights in that respect.
Article 2462 of the Civil Code provides as follows:
“A promise to sell, where there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
“One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, *91 may be specifically enforced by either party.”
Defendants contend that since no consideration is expressed within the clause granting the option, it is invalid under the above codal provision.
We do not so interpret the act of sale. As we see it, plaintiff purchased a lot of ground and the option to buy another lot for $15,000.00. There is therefore consideration to support the option. We do not believe that the option can be considered otherwise than in the context of the act of sale.
The judgment appealed is therefore affirmed, at defendants’ cost.
AFFIRMED.